IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN VESOTSKY, JR., | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| HOME DEPOT U.S.A., INC., a/b/a | : | |
| HOME DEPOT d/b/a, a/ka | : | |
| HOME DEPOT STORE #4166, | : | |
| Defendant | : | NO. 10-4093 |
| | : | |
| | : | |

**MEMORANDUM OPINION**

**LINDA K. CARACAPPA**                                                                           October 31, 2011
**UNITED STATES MAGISTRATE JUDGE**

    Plaintiff Stephen Vesotsky, Jr. brings this premises liability action against defendant Home Depot U.S.A., Inc. ("Home Depot") for injuries allegedly sustained from a slip and fall in the parking lot of Home Depot's store at 2200 West Oregon Avenue, Philadelphia, Pennsylvania. On April 13, 2010, plaintiff filed his complaint in the Pennsylvania Court of Common Pleas, Philadelphia County, claiming negligence and carelessness. Home Depot removed this action to this court on September 23, 2010.

    Presently before this court is defendant Home Depot's motion for summary judgment (Document # 24) and plaintiff's response in opposition thereto (Document # 25). For the reasons that follow, Home Depot's motion for summary judgment is granted.

I. BACKGROUND

    The following facts are viewed in the light most favorable to the plaintiff.

    On June 7, 2008, plaintiff went to the Home Depot store to purchase lighting

fixtures for plaintiff's business partner, Chris Sincavage. (Def's Mot for Summ. J. , Ex. D, plaintiff's Dep. ("Pl's Dep.") at 19-20). After arriving at defendant's store, plaintiff found and pulled into a parking spot that was bordered on both sides by parked cars. (Pl's Dep. 21). As plaintiff pulled into the parking spot, plaintiff did not see paint on the ground in the area of the parking spot. (Pl's Dep. 24-25). As plaintiff exited his vehicle plaintiff's feet came in contact with the parking lot surface and plaintiff slipped and fell on an area of slick paint. (Pl's Dep. 32-33, 41). While on the ground, plaintiff saw a half-smoked cigarette sitting on top of the paint. (Pl's Dep. 13). Plaintiff also noted that the paint had film on the top of it and there were tire marks through the paint. (Pl's Dep. 11, 41). Plaintiff also noted that the paint spill was round and about the size of a tire. (Pl's Dep. 41). Plaintiff stood on his own and went into the store. (Pl's Dep. 36-37).

Home Depot had full-time lot attendants whose everyday job responsibilities included surveying the parking lot to look for spills or other issues. (Dep of Joseph Raggio, 35-36). If the lot attendant located a spill it would have been their responsibility to inform a manager or supervisor. (Id., 40). There were more then ten occasions during 2008 when a lot attendant informed the assistant manager of an issue in the parking lot. (Id., 32).

II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986); Williams v. Borough of West Chester, 891 F.2d 458, 463-464

(3d Cir. 1989).  A factual dispute is "material" only if it might affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  For there to be a "genuine" issue, a reasonable fact finder must be able to render a decision in favor of the non-moving party.  Id.

On summary judgment, it is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations.  Boyle v. County of Allegheny, Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998).  Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987).  If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party.  See Anderson, 477 U.S. at 255.  A party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp, 477 U.S. at 322.

Once the moving party has carried this initial burden, Rule 56(e) shifts the burden to the nonmoving party as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.  Fed.R.Civ.P. 56(e).

However, to raise a genuine issue of material fact, the summary judgment opponent need not match, item for item, each piece of evidence proffered by the moving party, but

simply must exceed the 'mere scintilla' standard.  Petruzzi's ICA Supermarkets, Inc. v. Darling-Delaware Co., Inc., 998 F.2d 1224, 1230 (3d Cir.), cert. denied, 510 U.S. 994 (1993).  Summary judgment may be granted only if, after viewing all evidence in the light most favorable to the non-moving party, no jury could decide in that party's favor.  Tigg Corp., 822 F.2d at 361.

III.  DISCUSSION

Under Pennsylvania law, a claim for negligence requires proof of four elements: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a casual connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another.  Paliometros v. Loyola, 932 A.2d 128, 133 (Pa.Super.2007).  Plaintiff bears the burden to prove all four elements.

"The standard of care a possessor of land owes to one who enters upon the land depends upon whether the person entering is a trespasser, licensee, or invitee."  Carrender v. Fitterer, 503 Pa. 178, 469 A.2d 120, 123 (Pa. 1983).  It is undisputed that plaintiff was a business invitee when he was in the defendant's store parking lot.  *See* Restatement (Second) of Torts § 332 (1965) (defining a business invitee as "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.").

Plaintiff seeks to recover under the theory of liability created by § 344 of the Restatement (Second) of Torts.  Section 344 provides:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to (a) discover that such acts

4

>are being done or are likely to be done, or (b) give warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965).

By contrast, defendant argues that § 343 of the Restatement (Second) of Torts is controlling. Section 343 provides:

>A possessor of land is subject to liability for physical harm caused to his invitees by a condition of the land if, but only if, he (a) knows or by exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (1965).

Section 344 requires a landowner to "take reasonable precautions against harmful third party conduct that might be reasonably anticipated." Rabutino v. Freedom State Realty Co., 809 A.2d 933, 939 (Pa.Super.Ct.2002). As noted above, plaintiff was a business invitee and was injured by paint likely spilled by a third party. The application of §344 is dependent on (1) the "place or character" of the defendant's business or (2) defendant's "past experience." Restatement (Second) of Torts § 344 cmt. f (1965). In other words, the court must examine whether (1) the nature of defendant's business is such that it is an inherently dangerous place, and (2) the danger that resulted in plaintiff's injury was consistent with defendant's experience. Although there is no evidence that the parking lot was "an inherently dangerous place", the court must look to see if the danger was something that had previously occurred at that business, so that defendant should have foreseen it.

Defendants argue that the evidence introduce by plaintiff is insufficient to create a genuine issue of material fact. Plaintiff argues that because the deposition testimony of the

assistant manager Joseph Raggio shows that there were numerous paint spills in the parking lot during the same year as plaintiff's fall, defendants knew that third parties frequently created dangerous conditions in the parking lot and defendants were under a duty to remedy the situation. Plaintiff argues that the defendant instructed their lot attendants to inform a manager of a spill because it could be a hazardous condition. Plaintiff further asserts that defendant's testimony that the lot attendants were only told to survey the lot and not given specific instruction on how to check for dangerous conditions in the lot shows that defendants had insufficient precautions in place, making defendants liable for any injury. However, this argument is not material to the facts of this case, as regards paint spills in the parking lot, as plaintiff recognizes that defendant did instruct lot attendants to notify management of any such spill.

We find both Restatement §§ 343 and 344 govern here. Importantly, each cited section predicates potential liability on the failure of the possessor of land "to exercise reasonable care" to discover dangerous action of third parties (i.e. §343), or, "fails to exercise reasonable care to protect them (i.e. invitees) against the danger."

Given the facts before this court, summary judgment is appropriate. There is no evidence that the land possessor created any dangerous condition, or that the parking lot was an inherently dangerous place. Rather, all evidence suggests a paint spill created by a third party, and that the land possessor recognized such spill as potentially dangerous to other invitess. However, the assignment of full-time lot attendants instructed to notify management of any spills can be nothing other than the exercise of reasonable care to discover and protect against any danger.

Liability under the Restatement applicable here is not strict liability, but rather is predicated upon a lack of reasonable care. No reasonable jury could conclude that defendants did

6

not take reasonable precautions to protect invitees from dangerous conditions created by third parties. Therefore, no genuine issue of material fact establishing liability exists, and summary judgment is appropriate.

As such, we grant defendant's motion for summary judgment.

IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment will be GRANTED.

An appropriate order follows.